

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JAJ:SA/SD
F. #2009R01764

*271 Cadman Plaza East*

*Brooklyn, New York 11201*

September 24, 2009

By HAND and ECF

The Honorable Joan M. Azrack
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ SEP 24 2009 ★
BROOKLYN OFFICE

Re: United States v. Betim Kaziu,
Criminal Docket No. 09-CR-660 (JG)

Dear Judge Azrack:

Defendant BETIM KAZIU is scheduled to be arraigned today on the above-captioned indictment. This letter is respectfully submitted to advise the Court of the government's position on bail. Detailed below is a proffer of the relevant facts and a discussion of the applicable law pertaining to the pretrial detention of defendant KAZIU. See United States v. LaFontaine, 210 F.3d 125, 130-31 (2d Cir. 2000)(government entitled to proceed by proffer in detention hearings).

I. Factual Background

KAZIU was indicted by a Federal Grand jury sitting in the Eastern District of New York on September 18, 2009. The indictment was unsealed on September 24, 2009. KAZIU was charged in a two-count indictment. Count one of the indictment charges conspiracy to commit murder in a foreign country, in violation of 18 U.S.C. § 956, and count two charges conspiracy to provide material support to terrorists, in violation of 18 U.S.C. § 2339A(a).

As part of his criminal conduct, in early January 2009, KAZIU formed a plan to travel overseas for the purpose of joining a radical foreign fighter group, in order to take up arms against perceived enemies of Islam. In furtherance of this plan, on or about February 19, 2009, KAZIU boarded a flight at John F. Kennedy Airport in Queens, New York and traveled to Cairo, Egypt.

While overseas, KAZIU took steps to travel to Pakistan for the purpose of obtaining training and other support from facilitators of violent activities. KAZIU also endeavored to join Al-Shabbab, a radicalized, militant insurgency group, which has supported Al Qaeda, and which has been designated as a foreign terrorist organization by the United States Department of State. In addition, KAZIU made efforts to travel to Afghanistan, Iraq, and the Balkans to fight against U.S. forces. To that end, while in Egypt, KAZIU attempted on multiple occasions to purchase weapons. Ultimately, KAZIU traveled onward to Kosovo, where he was arrested by local Kosovar authorities on or about August 28, 2009.

II. Legal Standard

Under the Bail Reform Act, Title 18, United States Code, Section 3141, et seq. (the "Act"), federal courts are empowered to order a defendant's detention pending trial upon a determination that "no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" Title 18, United States Code, Section 3142(e). A finding of dangerousness must be supported by clear and convincing evidence. A finding of risk of flight must be supported by a preponderance of the evidence. See United States v. Chimurenga, 760 F.2d 400, 405 (2d Cir. 1985).

The factors to be considered in determining whether the applicable standard has been met include: (1) the nature and circumstances of the crimes charged, (2) the history and characteristics of the defendant, (3) the seriousness of the danger posed by the defendant's release; and (4) the evidence of the defendant's guilt. See Title 18, United States Code, Section 3142(g). Pursuant to 18 U.S.C. 3142(e)(3)(C), the crime charged constitute crimes of violence, and thus there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(e)(1).[1]

---

[1] The government notes that electronic monitoring and home detention would not protect the public from the danger posed by the defendant, given the charges in this case. The Second Circuit has explicitly held that home detention and electronic monitoring are insufficient to protect the community against dangerous individuals. See United States v. Millan, 4 F.3d 1039, 1049 (2d Cir. 1993).

III. Argument

In the instant case, as set forth in more detail below, the combination of the presumption and evidence proffered by the government warrant detention. As an initial matter, the presumption is well-founded here, given the potential sentence the defendant faces. If convicted on all charges, KAZIU faces a potential maximum sentence of life imprisonment. Moreover, the government expects that the defendants' applicable Guidelines range will also be life.[2]

KAZIU poses danger to the community given the nature of the charges in this indictment which include a conspiracy to commit murder abroad and conspiracy to provide material support to terrorists. Moreover, KAZIU's attempts to join Al-Shabbab as well as his attempts to fight American forces abroad and to acquire weapons for the purpose of killing others show that the defendant represents a danger to the community.

KAZIU also poses a risk of flight under the Bail Reform Act given that he faces a potential sentence of life imprisonment if convicted at trial. See United States v. Dodge, 846 F. Supp. 181, 184-85 (D. Conn. 1994) (possibility of a "severe sentence" heightens the risk of flight). Also, KAZIU has recently been traveling abroad in Egypt and Kosovo, as part of his efforts to carry out the charged criminal conduct. Extraordinary efforts by law enforcement have already been extended to bring him back to face his charges in the United States. He is known to have ties to family members, friends and/or criminal associates who appear to be living in multiple former countries, including Kosovo and Egypt.

Accordingly, to the extent that the Court does not find the defendant to be a danger to the community, the Court should detain him as a risk of flight. As such, the government respectfully submits that no condition or combination of

---

[2] Pursuant to Guidelines §§ 2A1.5, 3A1.(4)(a) and (b), if convicted, the government estimates that KAZIU will be sentenced with an adjusted offense level of 43 and a Criminal History of level VI.

conditions will assure the defendant's return to court or his compliance with the court's directives, and therefore requests that he be permanently detained.

                                    Respectfully submitted,

                                    BENTON J. CAMPBELL
                                    United States Attorney

By:   /s/ Shreve Ariail
      Shreve Ariail
      Seth D. DuCharme
      Jason A. Jones
      Assistant U.S. Attorneys
      (718) 254-6616/6021/7553

cc:  Hon. John Gleeson (by hand and ECF)
     Henry Steinglass, Esq. (by hand and ECF)