DMB:SDD/SA
F.#2009R01764

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------X

UNITED STATES OF AMERICA           09 CR 660 (JG)

    - against -

BETIM KAZIU,

    Defendant.

-------------------------------X

**PROTECTIVE ORDER PURSUANT TO SECTION 4 OF THE CLASSIFIED
INFORMATION PROCEDURES ACT AND RULE 16(d)(1)
OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

    This action is before the Court on the government's Classified <u>Ex Parte</u>, <u>In Camera</u> Motion for a Protective Order Pursuant to Section 4 of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, supporting memorandum and accompanying exhibits (hereinafter, the "Submission"), filed with the Classified Information Security Officer on February 15, 2011 The Court conducted an <u>in camera</u>, <u>ex parte</u> inspection and consideration of the Submission, including an <u>ex parte</u> conference with government counsel.  The Court has made certain suggestions

to the government regarding the scope of information to be provided to cleared defense counsel. The government has made those changes.

After _ex parte, in camera_ inspection and consideration of the Submission, the Court finds, pursuant to Section 4 of CIPA and Rule 16(d)(1), that the government's Submission contains classified information that requires protection against unauthorized disclosure for reasons of national security. Specifically, the Court finds that disclosure of the classified documents to the defense, or to the public, reasonably could be expected to cause serious damage, and in some instances, exceptionally grave damage, to national security.

The First Amendment right of access to court documents may be curtailed in favor of a compelling governmental interest provided that the limitation on access is "narrowly tailored to serve that interest." _Globe Newspaper Co. v. Superior Ct._, 457 U.S. 596, 606-7, 102 S.Ct. 2613 (1982); _see also Press-Enterprise Co. v. Superior Ct._, 464 U.S. 501, 510, 104 S.Ct. 819 (1984) ("The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."); _Nixon v. Warner Comm'n, Inc._, 435 U.S. 589, 598, 98 S.Ct. 1306 (1978) (common law right of access may be outweighed

by an important competing interest). The Court finds that the government's interest in protecting the national security and preventing the unnecessary dissemination of classified information outweighs the defendant's and/or the public's right of access to these materials. See Haig v. Agee, 453 U.S. 280, 307, 101 S.Ct. 2766 (1981) ("[N]o governmental interest is more compelling than the security of the Nation."); Snepp v. United States, 444 U.S. 507, 510 n.3, 100 S.Ct. 763 (1980) ("The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service.").

The Court further finds that the government's Submission is so interrelated with classified information, as to make impracticable the filing of meaningful redacted materials that do not divulge classified information. No less reasonable alternative to closure and sealing will protect the government's interest in preventing the unauthorized dissemination of this information, and this sealing order is drawn as narrowly as possible under the circumstances. The government, in its motion and Submission, seeks a protective order against disclosure of certain classified information to the defense because that information is not discoverable under applicable law. Disclosure

of the motion or accompanying materials to the defense or the public would defeat the government's purpose in seeking a protective order.

Therefore, **IT IS HEREBY ORDERED** that the government's Submission may be filed <u>ex parte</u> for <u>in camera</u> consideration and shall be sealed and maintained in a facility appropriate for the storage of classified information at the identified level by the Classified Information Security Officer as the designee of the Clerk of Court, in accordance with established security procedures, until further order of this Court.

After <u>ex parte</u>, <u>in camera</u> inspection and consideration of the Submission, **IT IS HEREBY FURTHER ORDERED THAT** the government's motion is **GRANTED** pursuant to Section 4 of CIPA and Rule 16(d)(1).

The Court finds that the classified information sought to be protected by substitution or deletion is either not discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194 (1963), <u>Giglio v. United States</u>, 405 U.S. 150, 92 S.Ct. 763 (1972), and their progeny, or Federal Rule of Criminal Procedure 16; or that such discovery value is outweighed by the potential danger to national security that might ensue after disclosure.

**IT IS THEREFORE FURTHER ORDERED** that the government's classified summary is hereby **SUBSTITUTED** for the specific

classified information at issue.  The government shall disclose to the defense the summary in the form proposed in the Submission, and need not disclose the classified documents upon which the summary is based.

**IT IS HEREBY FURTHER ORDERED** that the government need not disclose to the defense the original classified materials described in the Submission.

**IT IS SO ORDERED**, this 1ST day of March, 2011.

_____
THE HONORABLE JOHN GLEESON
UNITED STATES DISTRICT JUDGE