

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JAJ:SDD
F.#2009R01764

*271 Cadman Plaza East*

*Brooklyn, New York  11201*

January 30, 2012

**Via Hand and ECF**

Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Betim Kaziu
            Criminal Docket No. 09-CR-660 (S-1)(JG)

Dear Judge Gleeson,

      The government respectfully submits this response to the defendant's letter, filed January 24, 2012, in which the defendant asserts that the government has withheld exculpatory information in connection with the above-referenced case.  More specifically, the defendant alleges that the government failed to disclose exculpatory information relating to "a witness who gave statements to the prosecution team regarding my charges."  (Def. Ltr. at 1).  In the letter, the defendant does not identify the witness, or provide specific details regarding the nature of the information that was allegedly withheld.  The defendant also has requested a hearing.  For the reasons set forth below, the defendants request should be denied.

      The government is aware of its discovery obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963).  In addition, the government has informed the members of the prosecution team, including Special Agents of the Federal Bureau of Investigation, of the government's discovery obligations in this case.  During the course of the investigation, the government interviewed numerous witnesses, some of whom provided information that was arguably relevant or helpful to the defense.  In each instance, the government notified defense counsel of the identity of the witness.

      For example, on January 31, 2011, the government informed defense counsel, in writing, of the identity of a witness who had informed the government of information arguably consistent with a possible defense theory.  In addition, in an

2

abundance of caution, the government informed defense counsel on several other occasions as to the identity of witnesses who were aware of information that was potentially relevant to the defense.  In keeping with its discovery obligations, the government also made an extensive disclosure to the defense pursuant to the Classified Information Procedures Act.

Based on the vague allegations in the defendant's letter, the government is unable to respond with more specificity regarding the alleged discovery violation.  A hearing on this issue is not appropriate, absent a more specific factual allegation.  The defendant's request should be denied.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:     /s/
Shreve Ariail
Seth D. DuCharme
Ali Kazemi
Assistant U.S. Attorneys
(718) 254-6616/6021/6171

CC   Clerk of Court (JG)
     Henry Steinglass, Esq.
     David Stern, Esq.
     Joshua Dratel, Esq.